**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

**RHAMANA AUGUSTO COSTA,**

    **Plaintiff,**                    **Case Number** 1:21-cv-5579

v.

**AMAZON.COM SERVICES LLC,**

    **Defendant.**
_____x

## COMPLAINT & JURY DEMAND

1.    The Plaintiff, Rhamana Augusto Costa, sues Defendant, Amazon.com Services LLC, for discriminating against her on account of her alienage pursuant to 42 U.S.C. § 1981.

2.    The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue is appropriate in the S.D. of New York, because Defendant interviewed Plaintiff in Manhattan, sent an offer letter to Plaintiff in Manhattan, Plaintiff accepted Defendant's offer from her home in Manhattan, and Defendant rescinded Plaintiff's offer of employment while she resided in Manhattan.

4. Defendant conducts business in Manhattan, among other places.

5. Plaintiff resides in New York, New York.

6. Plaintiff is an alien.

7. Plaintiff was authorized to work in the United States.

8. Plaintiff is authorized to work in the United States.

9. On August 7, 2020, Defendant presented Plaintiff with a written offer of employment with a salary of $98,000 and a sign on payment of $20,000 commencing on September 7, 2020.

10. When Defendant offered Plaintiff a job it did not know Plaintiff's alienage.

11. Plaintiff accepted Defendant's offer of employment on August 19, 2020.

12. Defendant only conditioned employment upon the successful completion of a background check.

13. Plaintiff successfully passed the background check.

14. On August 27, 2020, Plaintiff requested that Defendant execute a CPT Employment Verification Form.

15. Defendant declined.

16. Defendant rescinded its offer of employment because of Plaintiff's alienage.

17. Defendant is prohibited from discriminating against persons on account of alienage. See *Anderson v. Conboy*, 156 F.3d 167, 180 (2nd Cir. 1998).

18. Defendant may not decline hiring an employee because of the prospective employee's alienage. See *Rodriguez v. P&G*, 465 F. Supp. 3d 1301 (S.D. Fla. 2020).

19. Defendant violated 42 U.S.C. § 1981 when it used Plaintiff's alienage in its employment decision.

20. Defendant made improper inquiries into alienage.

21. Defendant intentionally discriminated against Plaintiff on account of her alienage.

22. Defendant's refusal to sign a simple employment verification form had a disparate impact on Plaintiff.

23. But for Plaintiff's alienage, she would not have lost her position with Defendant.

Wherefore, Plaintiff demands judgment, trial by jury, back pay, compensatory damages, reinstatement, if reinstatement is not feasible front pay, punitive damages, attorney's fees, costs and any relief the Honorable Court deems just.

Respectfully submitted this 25th day of June 2021,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby St
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – Bernie@TheLaborFirm.com

*Counsel for Plaintiff*